UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 5:20-cv-06249-JFL |
| ) | |
| v. ) | |
| ) | |
| J. RANDOLPH PARRY ARCHITECTS, P.C., *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| GAHC3 BETHLEHEM PA ILF, LLC, *et al.*, ) | |
| ) | |
| Rule 19 Defendants. ) | |

**CONSENT ORDER BETWEEN THE UNITED STATES
AND 1180 BEN FRANKLIN WAY LLC**

**I. INTRODUCTION**

    **A.**    **Background**

1. This Consent Order is entered into between Plaintiff United States and Rule 19 Defendant 1180 Ben Franklin Way LLC, including affiliated entities 200 Lillian Lane LLC and 7080 Brooks Farm Road LLC ("1180 Ben Franklin").

2. The United States initiated this action on December 11, 2020, to enforce the provisions of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619 and the FHA's implementing regulations, 24 C.F.R. §§ 100.200-100.205, as set forth in more detail in the Second Amended Complaint filed on April 23, 2021 (ECF 41), and as summarized below (the "Action"). Specifically, the United States' Complaint alleges that J. Randolph Parry Architects, P.C. and the

1

owners of certain covered multifamily properties, (collectively "the Design and Construct Defendants") have designed and constructed various multifamily properties, including, but not limited to, Keystone Villa, Heritage Green, and Daybreak (collectively "the 1180 Ben Franklin Properties"), without required accessible features, and that this conduct constitutes a pattern or practice of discrimination and a denial of rights to a group of persons because of disability, in violation of 42 U.S.C. §§ 3604(f)(1), (f)(2), (f)(3)(C), and 3614(a).

3. The United States' Complaint further alleges that the Design and Construct Defendants have, among other things, failed to design and construct the 1180 Ben Franklin Properties with the features of accessible and adaptable design and construction required by Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12213, and its implementing regulation, the ADA Standards for Accessible Design, 28 C.F.R. § 36.104; 28 C.F.R. Pt. 36 Appendix A (1991 ADA Standards for Accessible Design), as amended at 28 C.F.R. Pt. 36 Appendix D (2010 ADA Standards for Accessible Design) (hereinafter, the "ADA Standards").

**B.     1180 Ben Franklin and The 1180 Ben Franklin Properties**

4. 1180 Ben Franklin is the owner of the Keystone Villa property. Keystone Villa is an assisted living and memory care community located at 1152 Ben Franklin Hwy East, Douglassville, PA 19518.

5. Sometime after its design and construction, Keystone Villa was sold to 1180 Ben Franklin, which currently owns Keystone Villa.

6. 7080 Brooks Farm Road LLC, an entity affiliated with 1180 Ben Franklin, is the owner of the Heritage Green property. Heritage Green is an assisted living and memory care community located at 7080 Brooks Farm Road, Mechanicsville, Virginia 23111.

7. Sometime after its design and construction, Heritage Green was sold to 7080 Brooks

Farm Road LLC, which currently owns Heritage Green.

8. 200 Lillian Lane LLC, an entity affiliated with 1180 Ben Franklin, is the owner of the Daybreak property. Daybreak is an assisted living and memory care community located at 201 Lillian Lane, Lynchburg, Virginia 24502.

9. Sometime after its design and construction, Daybreak was sold to 200 Lillian Lane LLC, which currently owns Daybreak.

10. 1180 Ben Franklin is named in the United States' Complaint as a necessary party to this lawsuit in whose absence complete relief cannot be afforded to the United States. *See* Fed. R. Civ. P. 19.

11. The parties acknowledge that this Consent Order does not constitute, and should not be construed as, an admission of wrongdoing by 1180 Ben Franklin as identified herein.

    **C.**    **Relevant Requirements of the Fair Housing Act**

12. The FHA provides that, for elevator residential buildings with four or more dwelling units, all units that are designed and constructed for first occupancy after March 13, 1991, are "covered multifamily dwellings" and must include certain basic features of accessible and adaptive design to make such units accessible to, or adaptable for use by, a person who has or develops a disability. 42 U.S.C. § 3604(f)(3)(C) and (f)(7)(A).

13. The FHA further provides that, for non-elevator buildings with four or more dwelling units, all ground floor units that are designed and constructed for first occupancy after March 13, 1991, are "covered multifamily dwellings" and must include certain basic features of accessible and adaptive design to make such units accessible to, or adaptable for use by, a person who has or develops a disability. 42 U.S.C. § 3604(f)(3)(C) and (f)(7)(B).

14. The accessible and adaptive design provisions of the FHA require that for covered

multifamily dwellings: (i) the public use and common use portions of such dwellings are readily accessible to and usable by persons with a disability; (ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by persons with a disability using wheelchairs; and (iii) all premises within such dwellings contain the following features of adaptive design: (I) an accessible route into and through the dwelling; (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; (III) reinforcements in bathroom walls to allow later installation of grab bars; and (IV) usable kitchens and bathrooms such that an individual using a wheelchair can maneuver about the space.  42 U.S.C. § 3604(f)(3)(C).

15. Keystone Villa and Daybreak properties are elevator buildings and were first occupied after March 13, 1991, and therefore all units are "covered multifamily dwellings" within the meaning of the FHA, 42 U.S.C. § 3604(f)(7)(A).  Heritage Green is a non-elevator building and was first occupied after March 13, 1991, and therefore all the ground floor units are "covered multifamily dwellings" within the meaning of the FHA, 42 U.S.C. § 3604(f)(7)(B).  As such, those units and the public and common use areas at the 1180 Ben Franklin Properties must comply with the accessible design requirements of 42 U.S.C. § 3604(f)(3)(C).

   **D.**   **Relevant Requirements of the Americans with Disabilities Act**

16. The ADA and the ADA Standards, 28 C.F.R. pt. 36, app. A, which have been issued by the U.S. Department of Justice to implement the design and construction requirements of Title III of the ADA, require that all "public accommodations" designed and constructed for first occupancy after January 26, 1993, and the goods, services, facilities, privileges, advantages, or accommodations of those public accommodations, be readily accessible to and usable by persons with disabilities in accordance with certain accessibility standards promulgated under that Act.

42 U.S.C. §§ 12182(a) and 12183(a)(1).  A rental or sales office for an apartment, condominium, or patio home complex is a "public accommodation" under the ADA.  42 U.S.C. § 12181(7)(E).

17. The leasing offices at the 1180 Ben Franklin Properties were designed and constructed for first occupancy after January 26, 1993.  Therefore, the leasing offices and the facilities and privileges provided at those offices, such as public parking, are required to be designed and constructed in accordance with the standards promulgated under the ADA.

E. **1180 Ben Franklin's Consent to Entry of this Order**

18. 1180 Ben Franklin agrees that the units as described above and the public and common use areas of the 1180 Ben Franklin Properties are subject to the requirements of the FHA, 42 U.S.C. §§ 3601-3619.

19. 1180 Ben Franklin agrees that the leasing office at the 1180 Ben Franklin Properties and the facilities and privileges provided at that leasing office, such as public parking, are subject to the requirements of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and its implementing regulation, the ADA Standards.

20. 1180 Ben Franklin agrees that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a) and 12188(b)(1)(B).

21. As indicated by the signatures appearing below, the United States and 1180 Ben Franklin agrees to the entry of this Consent Order.  This Order is final and binding.  It sets forth all of the obligations incumbent on, and all of the relief sought from, 1180 Ben Franklin and its successors and assigns arising out of or resulting from the claims the United States has or may have brought against them for alleged violations of the ADA, the ADA Standards and/or the FHA.

**Accordingly, it is hereby ORDERED, ADJUDGED AND AGREED as follows:**

## II. GENERAL INJUNCTION

22. Subject to the terms set forth herein, 1180 Ben Franklin and each of its officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with them, shall refrain from engaging in conduct that denies the United States or other persons or parties designated by the United States or the Court reasonable access to the public and common use areas, the covered multifamily dwellings, or the public accommodations areas at the 1180 Ben Franklin Properties, and from engaging in any other action to impede any retrofits required to bring the 1180 Ben Franklin Properties into compliance with the FHA, the ADA, and the ADA Standards.

## III. DISCOVERY AND RETROFITS AT THE 1180 BEN FRANKLIN PROPERTIES

23. Upon reasonable notice, and in accordance with 1180 Ben Franklin's standard rules and regulations for third-party access and health and safety requirements and procedures, 1180 Ben Franklin shall allow the United States and its expert access to the units (including unit interiors) at the 1180 Ben Franklin Properties for inspection, including but not limited to photographing by the United States' expert(s), including providing required notice to tenants. Access shall be provided on reasonable notice from the United States.

24. Upon reasonable notice, and in accordance with 1180 Ben Franklin's standard rules and regulations for third-party access and health and safety requirements and procedures, 1180 Ben Franklin shall allow access to all types of units (including unit interiors) at the 1180 Ben Franklin Properties, to be determined by the United States in its sole discretion.  1180 Ben Franklin agrees that, to the best of its knowledge, all units of a similar type that are inspected by the United States are substantially similar in design and construction to other units of that type

(*e.g.*, the studio unit type is substantially similar to all studio unit types at the complex).

25. In accordance with 1180 Ben Franklin's standard rules and regulations for third-party access and health and safety requirements and procedures, 1180 Ben Franklin shall allow the United States and its expert access to the public and common use areas at the 1180 Ben Franklin Properties, to be determined by the United States in its sole discretion, including but not limited to photographing by the United States' expert(s).  Access shall be provided on reasonable notice from the United States.

26. 1180 Ben Franklin shall preserve records they currently possess related to this Consent Order, including but not limited to, all current and former tenant files, all lists of current and former residents, by unit, and all documents in their possession, custody, or control related to the design and construction of the 1180 Ben Franklin Properties.

27.  1180 Ben Franklin shall respond to discovery requests by the United States related to this litigation pursuant to Fed. R. Civ. P. 30, 33, and 34, subject to its rights under those rules, without the need for the United States' issuance of subpoenas pursuant to Fed. R. Civ. P. 45.

28. 1180 Ben Franklin shall abide by the terms of any subsequent protective order entered by the Court in this Action relating to the treatment of confidential documents and personal identifying information exchanged during the discovery process.

29.  1180 Ben Franklin agrees to cooperate in good faith with any subsequent settlement, consent order, or court order in this Action regarding the 1180 Ben Franklin Properties, including providing current and former tenant lists and information to facilitate notice of retrofits and identification and payment to aggrieved persons, so long as the terms of the subsequent settlement, consent order, or court order regarding the 1180 Ben Franklin Properties are consistent with the terms already set forth in this Consent Order.  1180 Ben Franklin agrees to

meet-and-confer in good faith with the Parties in the event that such subsequent settlement, consent order or court order regarding the 1180 Ben Franklin Properties includes terms that are beyond the scope of this Consent Order.

30. Subject to the terms of this Paragraph, 1180 Ben Franklin hereby waives all rights to object to any retrofits of the 1180 Ben Franklin Properties that may be agreed to by the United States and the Design and Construct Defendants in connection with any subsequent settlement or consent order, and/or ordered by the court in this case. Prior to any final, binding settlement, consent order, or court order, 1180 Ben Franklin reserves the right to be heard by the Court and/or the relevant Design and Construct Defendants regarding: (a) the aesthetic aspects of any retrofits; (b) the labor and materials to be utilized related to any retrofits; and (c) the timing and process of any retrofits on its property. 1180 Ben Franklin's input will be limited to proposals intended to ensure that all retrofits are performed in a good and workmanlike manner and will not unreasonably interfere with the 1180 Ben Franklin's business.

31. Upon reasonable notice, and in accordance with 1180 Ben Franklin's standard rules and regulations for third-party access and health and safety requirements and procedures, 1180 Ben Franklin shall allow any of the Design and Construct Defendants or other persons or entities (other than the other Rule 19 Defendants) as the Court may order to make retrofits at the 1180 Ben Franklin Properties. Upon reasonable notice, and in accordance with 1180 Ben Franklin's standard rules and regulations for third-party access and health and safety requirements and procedures, 1180 Ben Franklin shall allow access to the 1180 Ben Franklin Properties by the United States or other persons or parties designated by the United States or the Court for purposes of planning, photographing, evaluating and performing any action required under a subsequent consent order or other order by the Court to bring the 1180 Ben Franklin Properties

into compliance with the FHA, the ADA and the ADA Standards.

32. 1180 Ben Franklin shall abide by the final decision of any neutral, expert individual, or entity identified by the United States or the Court as to whether retrofits at the 1180 Ben Franklin Properties have been completed in accordance with the requirements of any settlement, consent order, or other order by the Court.

33. 1180 Ben Franklin, or its agents and affiliated companies, may not raise rents or impose fees on any dwelling unit at the 1180 Ben Franklin Properties because of anticipated or actual retrofits or because of other costs in connection with this litigation.  1180 Ben Franklin shall otherwise retain an unimpeded right to raise rents and/or impose fees on its dwelling units for any and all other lawful reasons, and shall not be subject to special scrutiny or oversight in this regard.

**IV. TRANSFER OF INTEREST IN RULE 19 SUBJECT PROPERTIES**

34. Should 1180 Ben Franklin decide to sell or transfer ownership of the 1180 Ben Franklin Properties or any portion thereof prior to the resolution of this lawsuit or any retrofits ordered by the Court, 1180 Ben Franklin agrees to: (a) prior to completion of sale or transfer, provide each prospective buyer a copy of the Complaint, this Consent Order, and, if applicable, a copy of a subsequent consent order or other order by the Court relating to the 1180 Ben Franklin Properties; and (b) upon completion of the sale, within fourteen (14) days provide to the United States, by facsimile, electronic mail, and overnight delivery, written notice of the sale or transfer of ownership, along with a copy of the notice sent to each buyer prior to the completion of the sale or transfer, and each buyer's name, address, and telephone number.

**V. DURATION OF CONSENT ORDER AND TERMINATION OF LEGAL ACTION**

35. This Consent Order shall remain in effect until the earlier of: (i) six (6) months after a

neutral inspector certifies that any retrofits required as a consequence of this Action have been completed at the 1180 Ben Franklin Properties and the United States has reviewed and accepted that certification; or (ii) dismissal of the Action in its entirety or as it relates to the 1180 Ben Franklin properties by the United States or by the Court.

36. The United States will attempt in good faith to require the Defendants responsible for the retrofits at the 1180 Ben Franklin Properties to perform the retrofits as soon as possible after a consent order or order from this Court has been entered in this Action.

37. The Court shall retain jurisdiction for the duration of this Consent Order to enforce the terms of this Consent Order.  1180 Ben Franklin and the United States may stipulate to change the duration of this Consent Order through Court order.  Nothing in this paragraph prohibits the United States to move the Court to extend the duration of this Consent Order in the interests of justice, to which 1180 Ben Franklin may object.

38. The United States and 1180 Ben Franklin shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event of a failure by 1180 Ben Franklin to perform in a timely manner any act required by this Consent Order or any subsequent consent order(s) or other order(s) by the Court, or to otherwise act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act.

**VI. TIME FOR PERFORMANCE**

39. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the United States and 1180 Ben Franklin.

## VII. COSTS OF LITIGATION

40. 1180 Ben Franklin shall bear its own fees and costs related to this litigation and compliance with this Consent Order.

SO ORDERED this ___2nd_____ day of ___November_____, 2021.

                              /s/ Joseph F. Leeson, Jr.
                              JOSEPH F. LEESON, JR.
                              UNITED STATES DISTRICT COURT JUDGE

The undersigned apply for and consent to the entry of this Order:

*For Plaintiff United States of America*:

        Respectfully submitted,

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division

        */Julie J. Allen*
        SAMEENA SHINA MAJEED
        Chief
        ANDREA K. STEINACKER
        Special Litigation Counsel
        JULIE J. ALLEN
        LAUREN M. MARKS
        Trial Attorneys
        Housing and Civil Enforcement Section
        Civil Rights Division
        U.S. Department of Justice
        150 M Street, NE
        Washington, DC 20530
        Phone: (202) 307-6275
        Fax: (202) 514-1676
        E-mail: Julie.Allen@usdoj.gov
                Lauren.Marks@usdoj.gov

        Attorneys for Plaintiff
        United States of America

*For 1180 Ben Franklin Way LLC,*
*and its affiliated entities,*
*200 Lillian Lane LLC and*
*7080 Brooks Farm Road LLC,*
*Fed. R. Civ. P. 19 Necessary Party*:

<div style="margin-left: 3em;">

<u>*/s Thomas H. Suddath, Jr.*</u>
THOMAS H. SUDDATH, JR.
Reed Smith LLP
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
Fax: (215) 851-1420
E-mail: tsuddath@reedsmith.com

Attorneys for Rule 19 Defendant,
1180 Ben Franklin Way LLC,
and its affiliated entities,
*200 Lillian Lane LLC and*
*7080 Brooks Farm Road LLC*

</div>