IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | : : : | |
| v. | : : | Civil No. 5:20-cv-06249-JMG |
| J. RANDOLPH PARRY ARCHITECTS, P.C., *et al.*, Defendants. | : : : | |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                      June 22, 2022

**I.     OVERVIEW**

The United States seeks to enforce the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") against the owners of certain senior living facilities and against the architect who designed them. The United States claims that these senior living homes fall short of the FHA's and ADA's disability accessibility requirements.

The architect has moved for judgment on the pleadings arguing that a federal statute of limitations and two states' statutes of repose should limit the United States' claims. For the reasons that follow, the Court denies the architect's motion.

**II.    FACTUAL BACKGROUND**

    **a.     Allegations & Procedural History**

The United States brought this lawsuit to address conditions at fifteen facilities that allegedly render the facilities inaccessible to individuals with disabilities. Eleven of these facilities were allegedly built more than five years before the commencement of this lawsuit. Second Am. Compl. ("Compl.") ¶¶ 7, 8, 9, 10, 11, 14, 15, 16, 18, 20, 21. Four of these facilities

are located in Pennsylvania and were allegedly built more than twelve years before the commencement of this lawsuit. Compl. ¶¶ 7, 8, 9, 11. Three other of these facilities are located in New Jersey and were allegedly built more than ten years before the commencement of this lawsuit. Compl. ¶¶ 15, 20, 21.

As a default rule, the United States Code provides a five-year statute of limitations for lawsuits brought to enforce civil "fine" or "penalty" provisions. 28 U.S.C. § 2462. Unrelated to this federal rule, Pennsylvania and New Jersey have statutes of repose that require victims of design or construction defects to bring their suits within a certain time after a construction project is completed. Pennsylvania's statute bars suits brought more than "12 years" after construction has been completed. 42 Pa. C.S. § 5536(a). New Jersey's statute bars suits brought more than "10 years" after construction has been completed. N.J. Stat. Ann. 2A:14-1.1.

Defendant J. Randolph Parry Architects ("the Architect") has moved for judgment on the pleadings asserting the federal statute of limitations and Pennsylvania's and New Jersey's statutes of repose as bars to the United States' recovery. The Architect's motion is presently before the Court.

### III.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  We will grant the motion only "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019).

Motions for judgment on the pleadings are governed by "the same standards that apply to a Rule 12(b)(6) motion." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Revell v. Port. Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)).

Accordingly, the Court must determine whether a pleading contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the pleading alleges enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim's necessary elements. *Walker v. Coffey*, 956 F.3d 163, 166 (3d Cir. 2020).

In evaluating a motion for judgment on the pleadings, the Court must "view the facts" and "the inferences to be drawn" from those facts in the "light most favorable to the nonmoving party." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019).

## IV.   ANALYSIS

The fundamental problem with the Architect's motion is that it misconceives the nature of the United States' claims. The United States claims that the Architect engaged in a *pattern or practice* of discrimination by repeatedly failing to design facilities accessibly. Accordingly, the United States has not brought fifteen claims—one for each of the facilities identified in the Second Amended Complaint—against the Architect under each statute. Instead, the United States has brought a *single* claim against the Architect under each statute. Each facility that the Architect allegedly designed and constructed inaccessibly represents a constitutive act of the United States' overarching pattern or practice claims rather than an independent basis for liability. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381 (1982) (Plainly the [pattern or practice] claims . . . are based not solely on isolated incidents involving the two respondents, but a continuing violation manifested in a number of incidents.").

Because the United States brings a single pattern or practice claim under each statute, the federal limitations period for suits to collect civil penalties poses no obstacle. Actions to collect these civil penalties must be "commenced within five years" of when the pattern or practice

3

claim "accrued." 28 U.S.C. § 2462.[1] A claim accrues when the "factual and legal prerequisites for filing suit" have come into existence. *3M Co. (Minnesota Min. & Mfg.) v. Browner*, 17 F.3d 1453, 1460 (D.C. Cir. 1994). In a pattern or practice claim, the factual prerequisite to filing suit comes into existence upon the completion of the final incident that makes up the pattern or practice. *Havens Realty Corp.*, 455 U.S. at 381. Accordingly, so long as one of the incidents making up a pattern or practice has occurred within the statute of limitations, the pattern and practice claim is timely.

Here, the United States alleges that the Architect designed and constructed at least one facility in 2020—well within five years of when this lawsuit was commenced. Compl. ¶ 17. Because the United States has plead that at least one of the incidents making up the alleged pattern or practice occurred within the statute of limitations, the United States' pattern or practice claim is timely, and the Court must deny the Architect's motion for judgment on the pleadings insofar as the motion is based on the federal statute of limitations for civil penalties. *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the [time]bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint.").[2]

The Architect's argument that the United States' claims are barred by state statutes of repose fails for a conceptually similar reason. It is undisputed that at least eight of the facilities

---

[1] Neither the FHA nor the ADA imposes a statute of limitations for actions brought by the Attorney General. 42 U.S.C. § 3614(a); 42 U.S.C. § 12188(b). But the parties agree that the default federal statute of limitations apply to actions brought under these statutes for civil penalties. *See* ECF No. 155 at 8–9.

[2] Resisting this conclusion, the Architect cites two design and construct disability discrimination cases in which district courts declined to find continuing violations: *United States v. Taigen & Sons, Inc.*, 303 F. Supp. 2d 1129 (D. Idaho 2003) and *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492 (E.D. Va. 2002). But these cases are inapposite. In those cases, the plaintiffs did not identify any discriminatory actions taken by the defendants within the applicable statute of limitations. *Taigen & Sons.*, 303 F. Supp. 2d at 1144; *Moseke*, 202 F. Supp. 2d at 507.

involved in the United States' pattern or practice claim are unaffected by Pennsylvania's and New Jersey's statutes of repose. So, even if the Court were to accept the dubious proposition that these state statutes of repose were intended to preclude civil rights suits[3] and are not preempted from doing so[4], the statutes still would not foreclose either of the United States' pattern or practice claims.

Since the statutes of repose would not warrant an entry of judgment against the United States on either of its claims against the Architect, the Court must deny the Architect's motion insofar as it relies upon these statutes of repose. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed.) ("[I]f the pleadings do not resolve all of the factual issues in the case, proceeding with discovery and potentially a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion").

## V.  CONCLUSION

Because the United States has plead a plausible pattern or practice of discrimination with at least one incident occurring within the federal limitations period, the Court cannot enter judgment on the pleadings in favor of the Architect on the United States' claims for civil penalties. And because Pennsylvania's and New Jersey's statutes of repose would not resolve the Architect's

---

[3] The Architect has not identified a single case in which either Pennsylvania's or New Jersey's statute of repose was applied to preclude a civil rights or discrimination suit, nor has the Court been able to find one.

[4] As the Architect itself points out, Pennsylvania's and New Jersey's statutes of repose function not only to limit the remedies available to tardy plaintiffs but to abolish a cause of action entirely. *Noll by Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 280 (1994) ("As a statute of repose, Section 5536 does not merely bar a party's right to a remedy as a statute of limitations does, but it completely abolishes and eliminates the cause of action"); *Rosenberg v. Town of N. Bergen*, 61 N.J. 190, 199 (1972) ("The injured party literally has No [sic] cause of action . . . The function of the statute [of repose] is thus rather to define substantive rights than to alter or modify a remedy."). It is difficult to imagine a stronger candidate for implied conflict preemption than a state statute that purports to abolish a federal cause of action.

entire pattern or practice claims—if the statutes of repose were even applicable to those claims—the Court cannot enter judgment on the pleadings in favor of the Architect based on those statutes.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge