UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:20-cv-06249-JMG |
| v. | ) ) ) | |
| J. RANDOLPH PARRY ARCHITECTS, P.C., *et al.*, | ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) ) | |
| GAHC3 BETHLEHEM PA ILF, LLC, *et al.*, | ) ) ) | |
| Rule 19 Defendants. | ) ) | |

**CONSENT ORDER BETWEEN THE UNITED STATES
AND CARE HSL HARLEYSVILLE PROPCO LP**

**I. INTRODUCTION**

    **A.**    **Background**

    1.    This Consent Order is entered into between Plaintiff United States and Rule 19 Defendant, Care HSL Harleysville Propco LP ("Care HSL Harleysville").

    2.    The United States initiated this action on December 11, 2020, to enforce the provisions of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619 and the FHA's implementing regulations, 24 C.F.R. §§ 100.200-100.205, as set forth in more detail in the Second Amended Complaint filed on April 23, 2021 (ECF 41), and as summarized below (the "Action"). Specifically, the United States' Complaint alleges that J. Randolph Parry Architects, P.C. and the owners of certain covered multifamily properties (collectively "the Design and Construct Defendants") have designed and constructed various multifamily properties, including, but not

limited to, the Birches at Harleysville (the "Birches at Harleysville"), without required accessible features, and that this conduct constitutes a pattern or practice of discrimination and a denial of rights to a group of persons because of disability, in violation of 42 U.S.C. §§ 3604(f)(1), (f)(2), (f)(3)(C), and 3614(a).

3. The United States' Complaint further alleges that the Design and Construct Defendants have, among other things, failed to design and construct the Birches at Harleysville with the features of accessible and adaptable design and construction required by Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12213, and its implementing regulation, the ADA Standards for Accessible Design, 28 C.F.R. § 36.104; 28 C.F.R. Pt. 36 Appendix A (1991 ADA Standards for Accessible Design), as amended at 28 C.F.R. Pt. 36 Appendix D (2010 ADA Standards for Accessible Design) (hereinafter, the "ADA Standards").

**B.     Care HSL Harleysville and Birches at Harleysville**

4. Care HSL Harleysville is the owner of the Birches at Harleysville. The Birches at Harleysville is a personal care and memory care community located at 691 Main Street, Harleysville, PA 19438.

5. Care HSL Harleysville had no involvement in the design or construction of the Birches at Harleysville. Sometime after its design and construction, the Birches at Harleysville was sold to Care HSL Harleysville, which currently owns the Birches at Harleysville.

6. Care HSL Harleysville is named in the United States' Complaint as a necessary party to this lawsuit in whose absence complete relief cannot be afforded to the United States. *See* Fed. R. Civ. P. 19.

7. The parties acknowledge that this Consent Order does not constitute, and should not be construed as, an admission of wrongdoing by Care HSL Harleysville, as identified herein

and Care HSL Harleysville explicitly denies any wrongdoing on its part.

### C. Relevant Requirements of the Fair Housing Act

8. The FHA provides that, for elevator residential buildings with four or more dwelling units, all units that are designed and constructed for first occupancy after March 13, 1991, are "covered multifamily dwellings" and must include certain basic features of accessible and adaptive design to make such units accessible to, or adaptable for use by, a person who has or develops a disability. 42 U.S.C. § 3604(f)(3)(C) and (f)(7)(A).

9. The FHA further provides that, for non-elevator buildings with four or more dwelling units, all ground floor units that are designed and constructed for first occupancy after March 13, 1991, are "covered multifamily dwellings" and must include certain basic features of accessible and adaptive design to make such units accessible to, or adaptable for use by, a person who has or develops a disability. 42 U.S.C. § 3604(f)(3)(C) and (f)(7)(B).

10. The accessible and adaptive design provisions of the FHA require that for covered multifamily dwellings: (i) the public use and common use portions of such dwellings are readily accessible to and usable by persons with a disability; (ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by persons with a disability using wheelchairs; and (iii) all premises within such dwellings contain the following features of adaptive design: (I) an accessible route into and through the dwelling; (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; (III) reinforcements in bathroom walls to allow later installation of grab bars; and (IV) usable kitchens and bathrooms such that an individual using a wheelchair can maneuver about the space. 42 U.S.C. § 3604(f)(3)(C).

11. The Birches at Harleysville is an elevator building and was first occupied after

March 13, 1991, and therefore all units are "covered multifamily dwellings" within the meaning of the FHA, 42 U.S.C. § 3604(f)(7)(A).

    **D.**    **Relevant Requirements of the Americans with Disabilities Act**

12.    The ADA and the ADA Standards, 28 C.F.R. pt. 36, app. A, which have been issued by the U.S. Department of Justice to implement the design and construction requirements of Title III of the ADA, require that all "public accommodations" designed and constructed for first occupancy after January 26, 1993, and the goods, services, facilities, privileges, advantages, or accommodations of those public accommodations, be readily accessible to and usable by persons with disabilities in accordance with certain accessibility standards promulgated under that Act. 42 U.S.C. §§ 12182(a) and 12183(a)(1). A rental or sales office for an apartment, condominium, or patio home complex is a "public accommodation" under the ADA. 42 U.S.C. § 12181(7)(E).

13.    The leasing office at the Birches at Harleysville was designed and constructed for first occupancy after January 26, 1993. Therefore, the leasing office and the facilities and privileges provided at that office, such as public parking, are required to be designed and constructed in accordance with the standards promulgated under the ADA.

    **E.**    **Care HSL Harleysville's Consent to Entry of this Order**

14.    Care HSL Harleysville agrees that the units as described above and the public and common use areas of the Birches at Harleysville are subject to the requirements of the FHA, 42 U.S.C. §§ 3601-3619.

15.    Care HSL Harleysville agrees that the leasing office at the Birches at Harleysville and the facilities and privileges provided at that leasing office, such as public parking, are subject to the requirements of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and its implementing regulation, the ADA Standards.

16. Care HSL Harleysville agrees that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a) and 12188(b)(1)(B).

17. As indicated by the signatures appearing below, the United States and Care HSL Harleysville agree to the entry of this Consent Order.  This Consent Order is final and binding.  It sets forth all of the obligations incumbent on, and all of the relief sought from Care HSL Harleysville and its successors and assigns arising out of or resulting from the claims the United States has or may have brought against them for alleged violations of the ADA, the ADA Standards and/or the FHA.

**Accordingly, it is hereby ORDERED, ADJUDGED AND AGREED as follows:**

**II.   GENERAL INJUNCTION**

18. Subject to the terms set forth herein, Care HSL Harleysville and each of its officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with them, shall refrain from knowingly and/or willfully engaging in conduct that denies the United States or other persons or parties designated by the United States or the Court reasonable access to the public and common use areas, the covered multifamily dwellings, or the public accommodations areas at the Birches at Harleysville, and from knowingly and/or willfully engaging in any other action to impede any retrofits required to bring the Birches at Harleysville into compliance with the FHA, the ADA, and the ADA Standards.

**III. DISCOVERY AND RETROFITS AT THE BIRCHES AT HARLEYSVILLE**

19. Upon reasonable notice, and in accordance with Care HSL Harleysville's standard rules, regulations, policies, and procedures for third-party access and health and safety requirements and procedures and in accordance with the facility's license, Care HSL Harleysville shall allow the United States and its expert access to the units (including unit interiors) at the Care

HSL Harleysville for inspection, including but not limited to photographing by the United States' expert(s), including providing required notice to tenants. Access shall be provided on reasonable notice from the United States.

20. Upon reasonable notice, and in accordance with Care HSL Harleysville's standard rules, regulations, policies, and procedures for third-party access and health and safety requirements and procedures and in accordance with the facility's license, Care HSL Harleysville shall allow access to all types of units (including unit interiors) at the Birches at Harleysville, to be determined by the United States in its sole discretion. Care HSL Harleysville agrees that, to the best of its knowledge, all units of a similar type that are inspected by the United States are substantially similar in design and construction to other units of that type (*e.g.*, the studio unit type is substantially similar to all studio unit types at the complex).

21. In accordance with Care HSL Harleysville's standard rules and regulations for third-party access and health and safety requirements and procedures in accordance with the facility's license, Care HSL Harleysville shall allow the United States and its expert access to the public and common use areas at the Birches at Harleysville, to be determined by the United States in its sole discretion, including but not limited to photographing by the United States' expert(s). Access shall be provided on reasonable notice from the United States.

22. Care HSL Harleysville shall preserve records it currently possesses related to this Consent Order, including but not limited to, all current and former tenant files, all lists of current and former residents, by unit, and all documents in its possession, custody, or control related to the design and construction of the Birches at Harleysville.

23. Care HSL Harleysville shall respond to discovery requests by the United States related to this litigation pursuant to Fed. R. Civ. P. 30, 33, and 34, subject to its rights under those

rules, without the need for the United States' issuance of subpoenas pursuant to Fed. R. Civ. P. 45.

24. Care HSL Harleysville shall abide by the terms of any protective order entered by the Court in this Action relating to the treatment of confidential documents and personal identifying information exchanged during the discovery process.

25. Care HSL Harleysville agrees to cooperate in good faith with any settlement, consent order, or Court order in this Action regarding the Birches at Harleysville, including providing current and former tenant lists and information to facilitate notice of retrofits and identification and payment to aggrieved persons, so long as the terms of the settlement, consent order, or Court order regarding the Birches at Harleysville are consistent with the terms already set forth in this Consent Order. Care HSL Harleysville agrees to meet-and-confer in good faith with the Parties in the event that such settlement, consent order or Court order regarding the Birches at Harleysville includes terms that are beyond the scope of this Consent Order.

26. Subject to the terms of this Paragraph, Care HSL Harleysville hereby waives all rights to object to any retrofits of the Birches at Harleysville that may be agreed to by the United States and the Design and Construct Defendants in connection with any settlement or consent order, and/or ordered by the Court in this case. Prior to any final, binding settlement, consent order, or Court order, Care HSL Harleysville reserves the right to be heard by the Court and/or the relevant Design and Construct Defendants regarding: (a) the aesthetic aspects of any retrofits; (b) the labor and materials to be utilized related to any retrofits; and (c) the timing and process of any retrofits on its property. Care HSL Harleysville 's input will be limited to proposals intended to ensure that all retrofits are performed in a good and workmanlike manner, the aesthetic aspects of any retrofits, the labor and materials to be utilized related to any retrofits, and that all retrofits will not unreasonably interfere with Care HSL Harleysville's business, operations, or compliance with

statutory, regulatory, or licensure requirements.

27. Upon reasonable notice, and in accordance with Care HSL Harleysville's standard rules, regulations, policies, and procedures for third-party access and health and safety requirements and procedures and in accordance with the facility's license, Care HSL Harleysville shall allow any of the Design and Construct Defendants or other persons or entities (other than the other Rule 19 Defendants), as the Court may order, to make retrofits at the Birches at Harleysville. Upon reasonable notice, and in accordance with Care HSL Harleysville's standard rules, regulations, policies, and procedures for third-party access and health and safety requirements and procedures and in accordance with the facility's license, Care HSL Harleysville shall allow access to the Birches at Harleysville by the United States or other persons or parties designated by the United States or the Court for purposes of planning, photographing, evaluating, and performing any action required under a consent order or other order by the Court to bring the Birches at Harleysville into compliance with the FHA, the ADA, and the ADA Standards.

28. Care HSL Harleysville shall abide by the final decision of any neutral, expert individual, or entity identified by the United States or the Court or agreed upon between the United States and HCRI Pennsylvania Properties, LP as to whether retrofits at the Birches at Harleysville have been completed in accordance with the requirements of any settlement, consent order, or other order by the Court.

29. Care HSL Harleysville, or its agents and affiliated companies, may not raise rents or impose fees on any dwelling unit at the Birches at Harleysville because of anticipated or actual retrofits or because of other costs in connection with this litigation. Care HSL Harleysville shall otherwise retain an unimpeded right to raise rents and/or impose fees on its dwelling units, amenities, facilities, and services for any and all other lawful reasons, and shall not be subject to

special scrutiny or oversight in this regard.

**IV. TRANSFER OF INTEREST IN RULE 19 SUBJECT PROPERTIES**

30. Should Care HSL Harleysville decide to sell or transfer ownership of the Birches at Harleysville or any portion thereof prior to the resolution of this lawsuit or any retrofits ordered by the Court, Care HSL Harleysville agrees to: (a) prior to completion of sale or transfer, provide each prospective buyer a copy of the Complaint, this Consent Order, and, if applicable, a copy of a consent order or other order entered by the Court relating to the Birches at Harleysville; and (b) upon completion of the sale, within fourteen (14) days provide to the United States, by facsimile, electronic mail, and overnight delivery, written notice of the sale or transfer of ownership, along with a copy of the notice sent to each buyer prior to the completion of the sale or transfer, and each buyer's name, address, and telephone number.

**V. DURATION OF CONSENT ORDER AND TERMINATION OF LEGAL ACTION**

31. This Consent Order shall remain in effect until the earlier of: (i) six (6) months after a neutral or agreed upon inspector certifies that any retrofits required as a consequence of this Action have been completed at the Birches at Harleysville and the United States has reviewed and accepted that certification; or (ii) dismissal of the Action in its entirety or as it relates to the Birches at Harleysville by the United States or by the Court.

32. The United States will attempt in good faith to require the Design and Construct Defendants responsible for the retrofits at the Birches at Harleysville to perform the retrofits as soon as possible after a consent order or order from this Court has been entered in this Action.

33. The Court shall retain jurisdiction for the duration of this Consent Order to enforce the terms of this Consent Order. Care HSL Harleysville and the United States may stipulate to change the duration of this Consent Order through Court order. Nothing in this paragraph prohibits

the United States to move the Court to extend the duration of this Consent Order in the interests of justice, to which Care HSL Harleysville may object.

34. The United States and Care HSL Harleysville shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by Care HSL Harleysville to perform in a timely manner any act required by this Consent Order or any consent order(s) or other order(s) by the Court, or to otherwise act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act.

**VI. TIME FOR PERFORMANCE**

35. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the United States and Care HSL Harleysville.

**VII. COSTS OF LITIGATION**

36. Care HSL Harleysville shall bear its own fees and costs related to this litigation and compliance with this Consent Order.

SO ORDERED this ____28th____ day of _____November_____, 2022.


                                      /s/ John M. Gallagher
                                      JOHN M. GALLAGHER
                                      UNITED STATES DISTRICT COURT JUDGE