UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 5:20-cv-06249-JMG |
| v. | ) |
| J. RANDOLPH PARRY ARCHITECTS, P.C., *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| GAHC3 BETHLEHEM PA ILF, LLC, *et al.*, | ) |
| Rule 19 Defendants. | ) |

**CONSENT ORDER BETWEEN THE UNITED STATES AND RULE 19 DEFENDANTS
GAHC3 BETHLEHEM PA ILF, LLC, GAHC3 PALMYRA PA ALF, LLC, AND GAHC3
10th   BOYERTOWN PA ALF, LLC**

**I.   INTRODUCTION**

    **A.   Background**

    1.   This Consent Order ("this Order") is entered into between Plaintiff United States and certain Rule 19 Defendants, namely and specifically, GAHC3 Bethlehem PA ILF, LLC ("GAHC3 Bethlehem"), GAHC3 Palmyra PA ALF, LLC ("GAHC3 Palmyra"), and GAHC3 Boyertown PA ALF, LLC ("GAHC3 Boyertown") (GAHC3 Bethlehem, GAHC3 Palmyra, and GAHC3 Boyertown are collectively referred to herein as "the Rule 19 Defendants").

    2.   The United States initiated this action on December 11, 2020, to enforce the provisions of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619 and the FHA's implementing regulations, 24 C.F.R. §§ 100.200-100.205, as set forth in more detail in the Second Amended Complaint filed on April 23, 2021 (ECF 41), and as summarized below.  Specifically,

1

the United States' Complaint alleges that J. Randolph Parry Architects, P.C. ("Parry") and the owners during construction of certain covered multifamily properties, (collectively "the Design and Construct Defendants") have designed and constructed various multifamily properties, including, but not limited to, Traditions of Hanover, Traditions of Hershey, and Chestnut Knoll (collectively "the Rule 19 Subject Properties"), without required accessible features, and that this conduct constitutes a pattern or practice of discrimination and a denial of rights to a group of persons because of disability, in violation of 42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3)(C).

3. The United States' Complaint further alleges that the Design and Construct Defendants have, among other things, failed to design and construct the Rule 19 Subject Properties with the features of accessible and adaptable design and construction required by Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12213, and its implementing regulation, the ADA Standards for Accessible Design, 28 C.F.R. § 36.104; 28 C.F.R. Pt. 36 Appendix A (1991 ADA Standards for Accessible Design), as amended at 28 C.F.R. Pt. 36 Appendix D (2010 ADA Standards for Accessible Design) (hereinafter, the "ADA Standards").

B. **The Rule 19 Defendants and Their Respective Rule 19 Subject Properties**

4. The Rule 19 Defendants herein are named in the United States' Complaint as necessary parties to this lawsuit in whose absence complete relief cannot be afforded to the United States. *See* Fed. R. Civ. P. 19.

5. The parties acknowledge that this Order does not constitute, and should not be construed as, an admission of wrongdoing by the Rule 19 Defendants identified herein.

i. **GAHC3 Bethlehem**

6. GAHC3 Bethlehem is the owner of the Traditions of Hanover Rule 19 Subject Property. Traditions of Hanover is an independent living community located at 5300 Northgate Dr., Bethlehem, PA 18017.

7. Sometime after its design and construction, Traditions of Hanover was sold to GAHC3 Bethlehem, which currently owns Traditions of Hanover.

### ii. GAHC3 Palmyra

8. GAHC3 Palmyra is the owner of the Traditions of Hershey Rule 19 Subject Property. Traditions of Hershey is an independent living and assisted living community located at 100 N. Larkspur Dr., Palmyra, PA 17078.

9. Sometime after its design and construction, Traditions of Hershey was sold to GAHC3 Palmyra, which currently owns Traditions of Hershey.

### iii. GAHC3 Boyertown

10. GAHC3 Boyertown is the owner of the Chestnut Knoll Rule 19 Subject Property. Chestnut Knoll is an assisted living and memory care community located at 120 W. 5th St., Boyertown, PA 19512.

11. Sometime after its design and construction, Chestnut Knoll was sold to GAHC3 Boyertown, which currently owns Chestnut Knoll.

### C. Relevant Requirements of the Fair Housing Act

12. The FHA provides that, for elevator residential buildings with four or more dwelling units, all units that are designed and constructed for first occupancy after March 13, 1991, are "covered multifamily dwellings" and must include certain basic features of accessible and adaptive design to make such units accessible to, or adaptable for use by, a person who has or develops a disability. 42 U.S.C. § 3604(f)(3)(C) and (f)(7)(B).

13. The accessible and adaptive design provisions of the FHA require that for covered multifamily dwellings: (i) the public use and common use portions of such dwellings are readily accessible to and usable by persons with a disability; (ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by

persons with a disability using wheelchairs; and (iii) all premises within such dwellings contain the following features of adaptive design: (I) an accessible route into and through the dwelling; (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; (III) reinforcements in bathroom walls to allow later installation of grab bars; and (IV) usable kitchens and bathrooms such that an individual using a wheelchair can maneuver about the space.  42 U.S.C. § 3604(f)(3)(C).

14. The Rule 19 Subject Properties are elevator buildings and were first occupied after March 13, 1991, and therefore all units at the Rule 19 Subject Properties are "covered multifamily dwellings" within the meaning of the FHA, 42 U.S.C. § 3604(f)(7)(B).  As such, those units and the public and common use areas at the Rule 19 Subject Properties must comply with the accessible design requirements of 42 U.S.C. § 3604(f)(3)(C).

### D. Relevant Requirements of the Americans with Disabilities Act

15. The ADA and the ADA Standards, 28 C.F.R. pt. 36, app. A, which have been issued by the U.S. Department of Justice to implement the design and construction requirements of Title III of the ADA, require that all "public accommodations" designed and constructed for first occupancy after January 26, 1993, and the goods, services, facilities, privileges, advantages, or accommodations of those public accommodations, be readily accessible to and usable by persons with disabilities in accordance with certain accessibility standards promulgated under that Act.  42 U.S.C. §§ 12182(a) and 12183(a)(1).  A rental or sales office for an apartment, condominium, or patio home complex is a "public accommodation" under the ADA.  42 U.S.C. § 12181(7)(E).

16. The leasing offices at the Rule 19 Subject Properties were designed and constructed for first occupancy after January 26, 1993.  Therefore, the leasing offices and the facilities and privileges provided at those offices, such as public parking, are required to be designed and constructed in accordance with the standards promulgated under the ADA.

E.  **Consent of the Rule 19 Defendants to Entry of this Order**

17. The Rule 19 Defendants agree that the units and the public and common use areas of the Rule 19 Subject Properties are subject to the requirements of the FHA, 42 U.S.C. §§ 3601-3619.

18. The Rule 19 Defendants agree that the leasing office at the Rule 19 Subject Properties and the facilities and privileges provided at that leasing office, such as public parking, are subject to the requirements of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and its implementing regulation, the ADA Standards.

19. The Rule 19 Defendants agree that this Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 3614(a) and 12188(b)(1)(B).

20. As indicated by the signatures appearing below, the United States and the Rule 19 Defendants agree to the entry of this Order.

**Accordingly, it is hereby ORDERED, ADJUDGED AND AGREED as follows:**

II.  **GENERAL INJUNCTION**

21. Without admitting or denying any allegation herein, the Rule 19 Defendants and each of their officers, employees, agents, successors and assigns, and all other persons in active concert or participation with them shall refrain from engaging in conduct that denies the United States or other persons or parties designated by the United States or the Court access to the public and common use areas, the covered multifamily dwellings, or the public accommodations areas at the Rule 19 Subject Properties, and from engaging in any other action to impede any retrofits required to bring the Rule 19 Subject Properties into compliance with the FHA, the ADA, and the ADA Standards.

### III.  RETROFITS

#### A.  Retrofits at the Rule 19 Subject Properties

22. The United States, as set forth herein and in its Second Amended Complaint, alleges that the Rule 19 Subject Properties do not meet the accessibility requirements of the FHA, the ADA, and the ADA Standards.  *See* ECF No. 41.  To address the United States' allegations, the Rule 19 Defendants will complete the actions, where applicable, and retrofits described in this Section.

23. The United States confirms that it has been provided with access to the Rule 19 Subject Properties and, through its own agents and contractors, conducted all inspections necessary for the purpose of implementing this Order.

24. The Rule 19 Defendants agree to allow access to the public and common use areas and covered multifamily dwelling unit interiors at their respective Subject Properties for the purpose of performing the retrofitting and inspections required under this Order.

25. The Rule 19 Defendants agree to halt all retrofits until the Rule 19 Subject Properties can be surveyed by the United States' and/or Defendant Parry's experts for the purposes of litigation.

26. After the Rule 19 Subject Properties are surveyed for the purposes of litigation, the Rule 19 Defendant for each of the Rule 19 Subject Properties will complete the retrofits identified in Appendices A through I.  These retrofits will be completed within thirty-six (36) months from the conclusion of the inspections discussed in paragraph 25, which time-frame may be extended per the terms of paragraph 44.

27. If any architectural or engineering drawings are prepared as part of the retrofitting of any Rule 19 Subject Property, the Rule 19 Defendant for that Subject Property will provide those drawings to the United States for comment and approval within fourteen (14) days of their

6

preparation.  The United States will provide comments within forty-five (45) days.  The Rule 19 Defendant for that Subject Property will incorporate those comments into any relevant architectural or engineering plans and resubmit those to the United States for approval.  This process will continue until the United States has no further comments on any retrofit architectural or engineering plans.

        **B.**        **Notice, Inconvenience, and Overnight Stays for Retrofitting at the Rule 19 Subject Properties**

28.        The Rule 19 Defendants will endeavor to minimize inconvenience to residents in scheduling and performing retrofits required by this Order at the Rule 19 Subject Properties.

29.        Within thirty (30) days from the date of entry of this Order, the Rule 19 Defendants will provide a notice that is substantially equivalent to Appendix J to residents of the covered dwelling units at the Rule 19 Subject Properties.  The notice will inform residents in covered dwelling units that (1) the United States alleges that the covered dwelling units and public and common use areas do not meet the requirements of the FHA, the ADA, and the ADA Standards, and that to resolve these allegations, the appropriate Rule 19 Defendant has agreed to perform certain retrofits to the public and common use areas and the covered dwelling units; (2) the covered dwelling unit must be retrofitted within thirty-six (36) months; (3) the Rule 19 Defendants will provide resident with a schedule of when the retrofits will be performed; (4) the retrofits will be performed at no cost to the resident; and (5) the Rule 19 Defendant will offer any resident of a unit scheduled to undergo a retrofit who will be dislocated from the unit for more than twelve (12) hours consecutively a similarly-sized furnished unit at that Subject Property at no cost.  In the event that a similarly-sized furnished unit at that Subject Property is not available, the Rule 19 Defendant will pay the resident the applicable government per diem rate for food and lodging for the local area (as available at www.gsa.gov– click on "per diem rates" under travel) for each day

of undue inconvenience or hardship for the resident(s). Such payment will be made prior to the commencement of any retrofit work on the resident's unit, so that the resident can use the payment to obtain alternative living accommodations and food while dislocated.

30. If a resident desires to have the retrofits completed to the interior of his/her covered dwelling unit before the retrofits are scheduled to be performed by the Rule 19 Defendant, the resident may request the retrofits in writing, and the requests will be granted by the Rule 19 Defendant on a first-come, first-served basis. The Rule 19 Defendant must complete the retrofits as promptly as practical, but no later than forty-five (45) days from the date on which the retrofits were requested by a resident on a first-come, first-served basis.

**IV. NEUTRAL INSPECTOR AT THE RULE 19 SUBJECT PROPERTIES**

31. The Rule 19 Defendants have or will enter into a contract with one or more neutral inspector(s) to conduct on-site inspections of the retrofits that have been performed under this Order to determine whether the retrofits have been completed in accordance with the specifications in this Order's Appendices A through I. Prior to entering into the contract with the inspector(s), the Rule 19 Defendants will submit the name(s) and resumes to the United States for approval. The inspector(s) will have expertise in the Accessible Design Requirements of the FHA, ADA, ADA Standards, ANSI A117.1-1986 and the HUD-recognized safe harbors, and such expertise will be included in the submittal to the United States.

32. An inspection of each Rule 19 Subject Property will take place within forty-five (45) days of the completion of all of the retrofits at each Subject Property as set forth in the relevant Appendix, or as soon thereafter as practicable for each. The Rule 19 Defendants will give the United States at least twenty-one (21) days prior written notice of any inspection, including any subsequent inspections as set forth in Paragraph 34, and will give the United States an opportunity to have its representatives present for the inspection.

33. The inspections will be conducted by the inspector in accordance with Appendix K, which will be provided to the inspector by the Rule 19 Defendants.

34. The inspector will set out the results of each inspection in an inspection report ("Inspection Report"), including deficits if any, in writing and will send that report to the Rule 19 Defendants and the United States. The inspector will take digital photographs of any deficiencies identified at each of the Rule 19 Subject Properties and will include those photographs in the Inspection Report. If the Inspection Report indicates that not all the required retrofits have been made as specified in Appendices A-I, the Rule 19 Defendants will correct any applicable deficiencies within sixty (60) days and will pay for another inspection by the same inspector to certify such deficiencies have been corrected. This process, including prior written notice to the United States of any inspections, will continue until the inspector certifies that all the retrofits required under this Order have been made. The Rule 19 Defendants will pay all the inspector's reasonable costs associated with these inspections of each Rule 19 Subject Property, and such payments will be made without regard to the inspector's findings. Upon reasonable notice to the Rule 19 Defendants, representatives of the United States will be permitted to inspect the retrofits made by the Rule 19 Defendants in accordance with this Order, to ensure compliance; provided, however, that the United States will endeavor to minimize any inconvenience caused by such inspections.

## V.  NO RAISING OF RENT PRICES OR FEES

35. The Rule 19 Defendants may not raise the rent price of any dwelling unit, or demand any deposit or other fee for a dwelling unit at the Rule 19 Subject Properties, solely because of contemplated or completed retrofits in a dwelling unit or common area.

## VI.  COMPLIANCE WITH DISCOVERY

36. The Rule 19 Defendants shall preserve in their current form any and all paper and

9

electronic records, documents, files, and recordings in their custody or control that relate to the Rule 19 Subject Properties or other multifamily dwellings owned by the Rule 19 Defendants or their related entities and affiliates. This includes, but is not limited to, all current and former tenant files, all lists of current and former residents, by unit, and all documents related to the design and construction of the Rule 19 Subject Properties.

37. The Rule 19 Defendants shall respond to discovery requests by the United States in accordance with Fed. R. Civ. P. 30, 33, and 34, without the need for the United States' issuance of subpoenas under Fed. R. Civ. P. 45.

38. The Rule 19 Defendants shall abide by any subsequent protective order entered by the Court.

39. The Rule 19 Defendants agree to cooperate with any subsequent settlement, consent order, or court order regarding the Rule 19 Subject Properties, including providing current and former tenant lists and identification and payment to aggrieved persons.

**VII.  TRANSFER OF INTEREST IN RULE 19 SUBJECT PROPERTIES**

40. The sale, foreclosure, or any other transfer of ownership, in whole or in part, whether voluntary or involuntary, of the Rule 19 Subject Properties prior to the resolution of this lawsuit will not affect the Rule 19 Defendants' continuing obligation to retrofit the Rule 19 Subject Properties as specified in this Order, nor any future retrofits ordered by the Court. Should any of the Rule 19 Defendants sell or transfer ownership of any of the Rule 19 Subject Properties, in whole or in part, or any portion thereof, prior to the completion of the retrofits specified in Section III of this Order, including those set out in Appendices A-I that may be deferred until the United States and other Defendants in this litigation can come and inspect the Rule 19 Subject Properties, the Rule 19 Defendants will, at least thirty (30) days prior to completion of the sale or transfer: (a) provide to each prospective buyer written notice that the Rule 19 Subject Property is subject to

this Order, including specifically the Rule 19 Defendants' obligations to complete required retrofit work and to allow inspections, along with a copy of this Order; and (b) provide to the United States, by e-mail and first-class mail, written notice of the intent to sell or transfer ownership, along with a copy of the notice sent to each buyer or transferee, and each buyer's or transferee's name, address, and telephone number.

## VIII. DURATION OF CONSENT ORDER AND TERMINATION OF LEGAL ACTION

41. This Order shall remain in effect until the end date of a subsequent consent order(s) or other order(s) by the Court that relate, in whole or in part, to the Rule 19 Subject Properties.

42. The Court shall retain jurisdiction for the duration of this Order to enforce the terms of this Order. The United States may move the Court to extend the duration of this Order in the interests of justice.

43. The United States and the Rule 19 Defendants shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by any Rule 19 Defendant to perform in a timely manner any act required by this Order or any subsequent consent order(s) or other order(s) by the Court, or to otherwise act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act.

## IX. REASONABLE ACCOMMODATIONS

44. If a resident of a unit at Traditions of Hershey or Chestnut Knoll that has a shower with insufficient clear floor space requests a reasonable accommodation (*i.e.*, transfer to a unit that has or has been retrofitted to have sufficient clear floor space under the terms of this Consent Order), the Rule 19 Defendants shall transfer the resident to a comparable unit type if available, or prioritize the resident's request for the next available comparable unit type.

45. These transfers shall be made at no cost to the resident (*e.g.*, transfer fees or moving costs). Provided, however, that if the resident voluntarily chooses to move to a larger unit type, Rule 19 Defendants may charge their regular monthly fees for such units. This obligation shall be considered part of the Rule 19 Defendants' reasonable accommodation obligations under the Fair Housing Act and will survive the expiration of this Order.

46. Within ten (10) days of the date of entry of this Order, Rule 19 Defendants will notify all current residents of this policy, and they will inform all future residents of this policy at the time of leasing.

## X.   TIME FOR PERFORMANCE

47. Any time limits for performance imposed by this Order may be extended by the mutual written agreement of the United States and the Rule 19 Defendants.

## XI.   COSTS OF LITIGATION

48. The Rule 19 Defendants shall bear their own fees and costs related to this litigation and compliance with this Order.

## XII.   REIMBURSEMENT OF RETROFIT COSTS/EXPENSES

49. The Rule 19 Defendants will provide to the United States estimates of the cost of all retrofits from an independent contractor, as well as documentation of all out-of-pocket expenses incurred during the retrofits. The United States may include in its claims against, or any settlement with Defendant Parry, Westrum Hanover, LP, AMC Delancey Traditions of Hershey Partners, LP, and/or One Boyertown Properties, LP, a repayment to the Rule 19 Defendants for a portion or all of the retrofit costs, but the Rule 19 Defendants acknowledge that the United States can make no promises regarding the United States' settlement demands or legal positions with respect to other parties or the outcome of this litigation.

50. The Rule 19 Defendants acknowledge the United States may, in its discretion, seek

additional monetary damages and/or retrofits from Defendant Parry, Westrum Hanover, LP, AMC Delancey Traditions of Hershey Partners, LP, and/or One Boyertown Properties, LP, which are not currently provided for herein or in Appendices A-I. The Rule 19 Defendants further acknowledge any consent order or judgment entered for monies to perform these additional retrofit requirements or to compensate Aggrieved Persons payable to individuals under a Non-Rule 19 Consent Order is not payable to the Rule 19 Defendants, unless otherwise ordered by the Court or in accordance with a contract between Defendant Parry, Westrum Hanover, LP, AMC Delancey Traditions of Hershey Partners, LP, and/or One Boyertown Properties, LP and Rule 19 Defendants for the performance of those additional retrofits. The Rule 19 Defendants agree to cooperate with the United States to determine costs of any additional retrofits not otherwise identified in in Appendices A-I.

51. The Rule 19 Defendants herein grant reasonable access to the United States and its agents to the extent necessary to complete any additional investigation or analysis of potential violations associated with the design and construction of the Rule 19 Subject Properties.

52. The Rule 19 Defendants reserve the right to approve (a) the aesthetic aspects of any additional retrofits; (b) the labor and materials to be utilized related to any additional retrofits; and (c) the timing and process of any additional retrofits on the Rule 19 Subject Properties. The Rule 19 Defendants' input will be limited to proposals intended to ensure that all additional retrofits are performed in a good and workman-like manner and will not unreasonably interfere with the Rule 19 Defendants business.

SO ORDERED this \_\_\_10th\_\_\_ day of _____January_____, 2022.

/s/ John M. Gallagher
_____
JOHN M. GALLAGHER
UNITED STATES DISTRICT COURT JUDGE

The undersigned apply for and consent to the entry of this Order:

*For Plaintiff United States of America:*

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Lauren M. Marks*
SAMEENA SHINA MAJEED
Chief
MICHAEL S. MAURER
Deputy Chief
JULIE J. ALLEN
LAUREN M. MARKS
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Phone: (202) 307-6275
Fax: (202) 514-1676
E-mail: Julie.Allen@usdoj.gov
         Lauren.Marks@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

*For GAHC3 Bethlehem PA ILF, LLC, GAHC3 Palmyra PA ALF, LLC, and GAHC3 Boyertown PA ALF, LLC*

*Fed. R. Civ. P. 19 Necessary Parties*:

**GAHC3:**

GAHC3 Bethlehem PA ILF, LLC
A Delaware limited liability company

By: _____
Name: Mark E. Foster
Title: Authorized Signatory


GAHC3 Palmyra PA ALF, LLC
A Delaware limited liability company

By: _____
Name: Mark E. Foster
Title: Authorized Signatory


GAHC3 Boyertown PA ALF, LLC

By: _____
Name: Mark E. Foster
Title: Authorized Signatory

*Attorneys for Rule 19 Defendants*